EX PARTE: J. D. CUTCHEN, Petitioner

4 So. (2nd) 373
En Banc
Opinion Filed October 24, 1941

*W. D. Bell,* for Petitioner;

*J. Tom Watson,* Attorney General, for Respondent.

BUFORD, J.—This matter is before us on original habeas corpus proceedings, the writ of habeas corpus having been issued herein on the 13th day of October, 1941.

The return of the respondent shows:

"Comes now J. E. ALBRITTON as Sheriff of DeSoto County, Florida, and also as jailor of DeSoto County, Florida, and for return made to the writ issued by this Court on the 13th day of October, 1941, and says that he holds the defendant J. D. Cutchen under and by virtue of a certain judgment and sentence entered

in the County Court of DeSoto County, State of Florida, on the 7th day of August, 1941, and a commitment issued to him upon the said judgment and sentence, a true copy of which is hereto attached and made a part of this return."

The judgment and sentence under which Respondent holds the petitioner is shown by the record to be as follows:

"COUNTY COURT IN AND FOR THE COUNTY OF DESOTO
"STATE OF FLORIDA, VACATION TERM, A. D. 1941
"THE STATE OF FLORIDA vs. J. D. CUTCHEN

*"Sentence of the Court*

"Upon your plea of guilty to an information charging you, J. D. Cutchen, with the offense of, in the County of DeSoto and State of Florida, did have in his possession, custody or control, a still adapted for the manufacture of an intoxicating beverage containing more than 1% alcohol by weight, upon which a tax would be imposed by the Beverage Act, he the said J. D. Cutchen not then and there being the holder of a license issued under the Beverage Act to manufacture such intoxicating beverage and the possession, custody and control of said still aforesaid by said J. D. Cutchen not being for a licensee licensed under the Beverage Act to manufacture such intoxicating beverage aforesaid, the Court thereupon adjudges you guilty as charged in the information. It is the sentence of the law and judgment of this Court, that you, J. D. Cutchen, for your said offense pay a fine of $350.00 and the actual costs of this Court in the sum of $31.61 and in default of the payment of the fine and costs as imposed by this Court, that you for

your said offense be confined and imprisoned in the County Jail of Desoto County, Florida, for a period of six (6) months to be employed at hard labor.

Lewis E. Purvis<br>County Judge."

So it is the record shows that the judgment and sentence of the Court, *supra,* was that the convicted petitioner should pay "a fine of $350.00 and the actual costs of this court in the sum of $31.61 and in *default* of the *payment of the fine and costs* as imposed by this Court, that you for your said offense be confined and imprisoned in the county jail of DeSoto County, Florida, for a period of six (6) months to be employed at hard laobr."

The record shows that the petitioner was insolvent and that he has served under the sentence more than sixty (60) days in prison.

Section 260 of the Criminal Procedure Act of 1939 provides as follows:

"Section 260. Sentence of imprisonment until fine paid. Whenever a court shall sentence and adjudge a person to pay a fine or a fine and costs of prosecution such court shall also provide in such sentence a period of time for which such person shall be imprisoned in default of the payment of the same."

Section 265 of the Criminal Procedure Act, *supra,* provides:

"Section 265. Application for discharge. When any person sentenced by any court of the State of of Florida to pay a fine or fine and costs, whether with or without imprisonment, had been confined in prison sixty days, solely for the non-payment of such fine and costs, he may make application in writing to the judge of any circuit court or criminal court of record

in the county where he is confined, setting forth his inability to pay such fine, or fine and costs, and the judge of such court shall proceed to hear and determine the matter and if, upon examination, it shall appear to him that such person is totally unable to pay such fine or fine and costs, and that he has not any property, exceeding twenty dollars in value, the judge of such court shall administer to him the following oath: 'I do solemnly swear that I have not any property, real or personal, to the amount of twenty dollars, and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use or benefit, so help me God.' And thereupon such person shall be discharged from further custody, the judge giving the jailor or keeper of the jail a certificate setting forth the facts."

The record shows that the petitioner made application for his discharge pursuant to Section 265, *supra,* after having served more than sixty (60) days under the sentence imposed but the court declined to discharge the petitioner. The judgment and sentence of the court shows upon its face that the convicted applicant would have been entitled to discharge if when sentence was imposed upon him he had paid the fine of $350.00 and the costs assessed against him and it, therefore, shows that his imprisonment is "solely for the non-payment of such fine and costs."

The petitioner, having complied with the statutes, *supra,* is entitled to his discharge and it is ordered and adjudged that he be discharged from further custody under the judgment and sentence, *supra.*

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.